IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01228–WYD–KMT

WYATT T. HANDY JR., & on behalf of all persons who are and will be in the facility,

    Plaintiff,

v.

SHERIFF GREYSON ROBINSON,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff's "Motion for Order Class Action Certification and for the Appointment of Class Counsel" (Doc. No. 25, filed Sept. 18, 2012) and upon the court's notification that Plaintiff has been released from the custody of the Arapahoe County Detention Facility (ACDF).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff's Amended Prisoner Complaint (Doc. No. 9, filed July 3, 2012 [Am. Compl.]) alleges, on behalf of Plaintiff and all persons who are and will be in the facility, that the conditions of confinement at ACDF are constitutionally inadequate. First, Plaintiff maintains that Defendant Robinson has implemented a "triple bunking" policy that has resulted in "cramped" cells, where each inmate is allocated less than 20 square feet of space. (Am. Comp.

at 3-4, ¶¶ 1-2.) Plaintiff maintains that the policy reduces the amount of shelf space available to each inmate; prevents inmates from sitting up in their bunks; and has caused an increase in assaults, fights, psychiatric problems, suicides, and tension among inmates and staff. (*Id.* at 4, ¶¶ 2, 5.) Further, the policy has allegedly exacerbated Plaintiff's pre-existing bank injury and has caused Plaintiff "severe psychiatric problems," including depression and paranoia. (*Id.* ¶¶ 3-4.)

Second, Plaintiff alleges that Defendant Robinson has implemented an "open door" medical policy that allows ACDF staff and inmates to hear and see the examinations of inmates by medical care providers. (*Id.* ¶ 8.) Plaintiff maintains that the open door policy has subjected him to "pain and suffering" because he refuses to come forward with medical issues while the "open door" policy is in place. (*Id.* at 5, ¶ 10.)

Third, Plaintiff maintains that the kosher meals served at ACDF are not actually not kosher because ACDF lacks a separate kosher kitchen and does not ensure that the kosher meals are prepackaged by a qualified vendor. (*Id.* ¶¶ 14-16.) As such, Plaintiff maintains that he is not receiving a religious diet that meets the requirements of his Islamic faith. (*Id.* ¶¶ 12, 17.)

Fourth, Plaintiff maintains that the showers at ACDF "stink and are filthy" because Defendant Robinson no longer provides inmates with the correct cleaning supplies to clean the showers at ACDF. (*Id.* at 6, ¶¶ 20-21.) Fifth, Plaintiff alleges that Defendant Robinson has failed to put a "recirculator pump" on the water tank that serves the "older part" of ACDF, which causes the showers to be unbearably cold. (*Id.* ¶ 24.) As such, some inmates are forced to choose between a cold shower or going without a shower for days or weeks. (*Id.* ¶¶ 25-26.)

Finally, Plaintiff alleges that Defendant Robinson has implemented a policy that authorizes bonds to be set at a level that is disproportionate to the bonds imposed in other Colorado counties. (*Id.* at 7, ¶ 29.) Plaintiff maintains that this policy is being enforced to keep ACDF full. (*Id.* ¶ 30.)

Based on these allegations, Plaintiff's Amended Complaint asserts—on behalf of Plaintiff and all persons who are and will be detained at ACDF—two § 1983 claims for violation of his and other inmates' Fourteenth and First Amendment rights, respectively, and one claim for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's Amended Complaint seeks the following declaratory and injunctive relief:

> 1. A declaration that the acts and omissions described herein violated Plaintiff's rights, as well as . . . current and future detainees, under the constitution and laws of the United States.
>
> 2. A preliminary and permanent injunction ordering the defendant to stop housing 3 inmates in 1 man cells, longer than 60 days; to stop the "open door" medical policy, and comply with HIPPA; to construct and maintain a kosher kitchen, separate from the main kitchen, and comply with the laws set forth in *Beerheide v. Suthers,* 286 F.3d 1179 (10th Cir. 2002); to provide detainees daily with chemicals specifically designed to clean and maintain showers; to put a recirculator pump on the water tank for the older part of the jail; to implement a bond schedule similar to its sister counties.

(*Id.* at 12.) Plaintiff's Amended Complaint does not contain a request for monetary damages.

On December 12, 2012, Plaintiff filed a Notice of Change of Address indicating that he is no longer detained at ACDF. (Doc. No. 199, Case. No. 11-cv-00581-WYD-KMT.)[1] As such,

---

[1] The court takes judicial notice of the filings in this separate federal court action. *See Pollard v. Clements,* 11-cv-1810-RBJ-KMT, 2012 WL 2974676, at *1 n.1 (D. Colo. July 20, 2012).

3

the court ordered the Clerk of Court to change Plaintiff's mailing address in this case to a private address. (Minute Order, Doc. No. 34, filed Dec. 18, 2012.) That minute order was not returned as undeliverable at Plaintiff's new address.

In addition the court has conducted an inmate search for Plaintiff on the Arapahoe County Sheriff's Office website.[2] The search result confirmed that Plaintiff is no longer detained at ACDF. As such, the court considers whether Plaintiff's claims are moot.

## ANALYSIS

### A.   *Motion for Class Certification*

The court first considers Plaintiff's Motion for Class Certification and to Appoint Class Counsel because, under some circumstances, a class action may still proceed even where the named plaintiff's own claims are moot. *See Milonas v. Williams,* 691 F.2d 931, 937 (10th Cir. 1982). Nevertheless, the court finds that class certification is inappropriate in this case.

It is well-settled that a *pro se* litigant cannot "fairly and adequately protect the interests of [a] class." Fed. R. Civ. P. 23(a)(4). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* 7A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1769.1 & n.13 (3d ed. 2012) (citing cases for the rule that "class representatives cannot appear *pro se*"). "This is so because the competence of a layman is

---

[2] The Arapahoe County Sheriff's Office inmate search tool is available at http://www.co.arapahoe.co.us/inmatevisitation/default.asp?Perform=InmateSearch&lUser=

'clearly too limited to allow him to risk the rights of others.'" *Fymbo,* 213 F.3d at 1321 (citing *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975)).

Plaintiff appears to recognize the need for counsel to represent the class by requesting that the court appoint counsel pursuant to Fed. R. Civ. P. 23(g)—which states that "a court that certifies a class must appoint class counsel." Rule 23(g), however, "contemplates appointment of class counsel from among the lawyers representing the members of the class *after* the class is certified." *Ayazi v. New York City Bd. of Educ.,* Nos. 98-cv-7461 & 08-cv-2456, 2010 WL 4789403, at *2 (E.D.N.Y. Nov. 17, 2010) (emphasis in original); *see also Olmos v. Ryan,* No. 10-cv-2564-PHX-GMS, 2012 WL 1580555, at *3 (D. Ariz. May 4, 2012). The Rule "instructs federal courts that have certified a class to choose counsel to represent the class from among counsel representing the parties that make up the class; it does not require courts to appoint free counsel to a proposed class." *Day v. Wall,* No. CA 08-094 ML, 2008 WL 4773054, at *2 (D.R.I. Oct. 30, 2012); *see also Blosser v.. Land,* No. 07-cv-11781, 2008 WL 795748, at *1 (E.D. Mich. Mar. 25, 2008)("[C]ontrary to Plaintiff's assertion, Federal Rule of Civil Procedure 23(g)(2) does not require the appointment of counsel when a *pro se* plaintiff moves for class certification"). Accordingly, Rule 23(g) does not authorize for the appointment of class counsel in these circumstances.

Finally, even assuming Plaintiff could proceed as a class representative or, alternatively, that Rule 23(g) authorized the appointment of class counsel in these circumstances, the court finds that Plaintiff fails to demonstrate that class treatment is appropriate here. "A party seeking to certify a class bears the "strict" burden of proving that the requirements of Fed. R. Civ. P. 23

have been "clearly met." *Trevizo v. Adams,* 455 F.3d 1155, 1162 (10th Cir. 2006). Plaintiff's Motion does not provide any meaningful discussion of the requirements of Rule 23; rather he simply recites the requirements and maintains in a conclusory fashion that they have been met. This falls well short of meeting the "strict" burden for class certification.

Accordingly, for the foregoing reasons, the court finds that Plaintiff's Motion for Class Certification and to Appoint Class Counsel is properly denied.

### *B.   Mootness*

Having resolved that this case is not properly certified as a class action, the court now considers whether Plaintiff's individual claims are moot in light of the fact that he is no longer detained at ACDF. Mootness is an issue of subject-matter jurisdiction, which can be raised at any stage of the proceeding and may be raised *sua sponte*. *Kennedy v. Lubar,* 273 F.3d 1293, 1301-02 (10th Cir. 2001)*; McClendon v. City of Albuequerque,* 100 F.3d 863, 867 (10th Cir. 1996). The existence of a live case or controversy is a constitutional predicate to federal court jurisdiction, and must exist at all stages of the litigation. *McClendon,* 100 F.3d at 867.

"When a party seeks only equitable relief, [] past exposure to alleged illegal conduct does not establish a present live controversy if unaccompanied by any continuing present effects." *Id.* (citing *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991)). Further, "[i]t is well established that 'what makes a declaratory judgment action a proper judicial resolution of a 'case or controversy' rather than an advisory opinion-is [] the settling of some dispute which affects the behavior of the defendant toward the plaintiff.'" *Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir. 1997) (quoting *Hewitt v. Helms,* 482 U.S. 775, 761 (1988)). When a prisoner has been

released from custody, granting a declaratory judgment and injunctive relief "would amount to nothing more than a declaration that he was wronged, and would have no effect on defendants' behavior towards him." *Id.* (citation omitted). "[A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Id.* (internal quotation marks and citation omitted). Accordingly, an inmates's claims for declaratory and injunctive relief against jail or prison officials typically become moot where the inmate has been released from incarceration. *Id.*; *see also Wirsching v. Colorado,* 360 F.3d 1191, 1196 (10th Cir. 2004).

Plaintiff's Amended Complaint and proposed Second Amended Complaint (Doc. No. 17-1 [SAC]) both seek only declaratory relief and injunctive relief.³ (Am. Compl. at 12; SAC at 14.) In light of this judicial officer's experience as the Magistrate Judge assigned to a number of Plaintiff's cases, the court has no doubt that Plaintiff would have requested monetary damages if he in fact intended to seek them.⁴

---

³ The fact that Plaintiff states at various points in his Amended Complaint that he "claims damages against Sheriff Greyson Robinson" (*see, e.g.,* Am. Compl. at 8, ¶ 37; 10, ¶ 43) is insufficient to overcome the clear absence of a claim for monetary damages in his request for relief. Without more, this ambiguous statement suggests only that Plaintiff "claims" he was "damage[d]," or injured, by Defendant Robinson.

⁴ *See* Doc. No. 153 at 19, Case No. 10-cv-02022-WYD-KMT (requesting compensatory and punitive damages); Doc. No. 119 at 55, Case No. 11-cv-00581-WYD-KMT (requesting punitive damages); Doc. No. 1 at 21, Case. No. 11-cv-00644-WYD-KMT (requesting compensatory and punitive damages); Doc. No. 1, Case No. 11-cv-708-WYD-KMT (requesting compensatory and punitive damages; and Doc. No.1, Case No. 12-cv-1015-WYD-KMT (requesting compensatory, punitive, and exemplary damages).

Plaintiff has not alleged facts indicating that he is being injured in an ongoing and continuous manner based on his past incarceration at ACDF. Further, the mere possibility that Plaintiff will be re-incarcerated at ACDF is too remote to establish an existing controversy. *See Mckinnon v. Talladega Cnty., Ala.,* 745 F.2d 1360, 1363 (11th Cir. 1984). Therefore, because there is not a substantial likelihood that Plaintiff will be injured in a similar manner in the future, the court finds that Plaintiff's release from ACDF renders his Amended Complaint for declaratory and injunctive relief moot.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Order Class Action Certification and for the Appointment of Class Counsel" (Doc. No. 25) be DENIED. The court further

RECOMMENDS that Plaintiff's Amended Complaint (Doc. No. 9) be dismissed without prejudice for lack of subject-matter jurisdiction. Finally, the court

RECOMMENDS that Plaintiff's "Motion to Amend Complaint" (Doc. No. 17) and "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" (Doc. No. 19) be DENIED as moot.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge